# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GARY LYNN CONLEY**  **PLAINTIFF**
**ADC #163989**

V.    NO. 4:22-cv-353-DPM-ERE

**DEXTER PAYNE**    **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.    Background:**

Plaintiff Gary Lynn Conley, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Conley is

currently proceeding on his remaining deliberate indifference claim against Director Dexter Payne.[1]

Pending before the Court is Director Payne's motion for judgment on the pleadings and brief in support of his motion. *Docs. 39, 40*. Mr. Conley has not responded to Director Payne's motion, and the time for doing so has passed. *Doc. 42*. Therefore, the motion is ripe for review.

For the reasons stated below, Director Payne's motion for judgment on the pleadings (*Doc. 40*) should be GRANTED.

## III. Discussion:

### A. Standard

When deciding a motion for judgment on the pleadings, the "court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). A court may grant

---

[1] Mr. Conley originally filed a 21-page complaint with 18 pages of attachments. *Doc. 1*. The complaint named 16 Defendants, including President Joe Biden and Governor Asa Hutchinson, and asserted multiple unrelated claims. The Court gave Mr. Conley an opportunity to file an amended complaint, which he has done. *Doc. 5*.
  Mr. Conley's amended complaint names only two Defendants: Governor Asa Hutchinson and Director Dexter Payne. Because Mr. Conley abandoned his claims against Keyon V. Randle, Joe Biden, Brandy Turner, Larry Jegley, Herbert T. Wright, Wade Neilhouse, Randy Dearing, Ali Farooq, G. Lay, M. Richardson, William F. Straughn, Michael Horton, Rayan Bewley, and Christy Bjornson, the Clerk terminated those individuals as party Defendants. *Doc. 6*. The Court also previously dismissed Mr. Conley's claims against Defendant Hutchinson for failure to state a plausible constitutional claim for relief. *Doc. 12*.

a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*.

The standard for ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss under 12(b)(6).[2] Accordingly, to go forward, Mr. Conley's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

B.   Analysis

In his amended complaint, Mr. Conley alleges that he is housed in his cell for 24 hours a day and has not gone "outside for months and years." *Doc. 5 at 4*. He sues Director Payne seeking both injunctive and monetary relief. The Court previously noted, that while it is a "close question," Mr. Conley arguably stated a deliberate indifference against Director Payne. *Doc. 6 at 2*. Upon further review of Mr. Conley's amended complaint, he has failed to state a plausible constitutional claim for relief against Director Payne.

Mr. Conley may not hold Director Payne liable based on his supervisory position. Under § 1983, a supervisor may not be held vicariously liable for the

---

[2] Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." See *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014) (holding that a 12(c) motion for judgment on the pleadings is reviewed the same as a 12(b)(6) motion to dismiss).

constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to ... § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). Instead, Mr. Conley must allege that Director Payne, "through [his] own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.

In addition, "[t]o establish an Eighth Amendment violation, a prisoner must show that the alleged deprivation, viewed objectively, is 'sufficiently serious' and that the prison officials' actions, viewed subjectively, demonstrate a 'deliberate indifference' to the prisoner's health or safety." *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (citing *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998)). "The level of culpability required to demonstrate deliberate indifference on the part of prison officials is equal to criminal recklessness." *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011).

In his amended complaint, Mr. Conley makes broad, general allegations regarding his conditions of confinement and describes Director Payne as "Director Head of ADC w[h]ere torture occur[s]." *Doc. 5 at 5*. He states that he has suffered

"emotional, mental[, and] physical [] abuse," and that Director Payne made sure that he "endure[d] such injuries." *Id*. However, Mr. Conley fails to allege any facts suggesting that Director Payne was personally aware of or involved in the decision to deprive Mr. Conley of outdoor exercise or recreation for any specific period of time. *Id*. Absent such facts, Mr. Conley has failed to state a claim against Director Payne for unconstitutional deliberate indifference to his health or safety. Accordingly, Mr. Conley has failed to state a plausible constitutional claim against Director Payne.[3]

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Director Payne's motion for judgment on the pleadings (*Doc. 40*) be GRANTED.

2.   Mr. Conley's claims against Director Payne be DISMISSED, without prejudice, based on his failure to state a constitutional claim for relief.

3.   Director Payne be terminated as a party Defendant.

---

[3] In his motion for judgment on the pleadings, Director Payne argues that he is entitled to qualified immunity on Mr. Conley's claims against him. As previously noted, Mr. Conley seeks both injunctive and monetary relief. However, because Mr. Conley has failed to state a plausible constitutional claim for relief against Director Payne, he is entitled to qualified immunity on Mr. Conley's individual capacity claim for money damages. See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (qualified immunity protects government officials from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known.").

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

5. The Clerk be instructed to close this case.

Dated this 26th day of April 2023.

_____
UNITED STATES MAGISTRATE JUDGE